# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

STEVEN M. DES CHAMPS, et al.,

    Defendants.

Case No. 2:08-CV-01279-KJD-GWF

**ORDER**

    Currently before the Court is Plaintiff's Motion to Strike Affirmative Defenses (#26). Defendant Martha Vleck filed an Opposition (#33), to which the SEC filed a Reply (#37). The Securities and Exchange Commission filed a Complaint (#1) against Steven M. Des Champs ("Des Champs") and Martha W. Vleck ("Vleck") alleging nine claims for relief for violations, and aiding and abetting in violations, of various sections of the Securities and Exchange Acts, and the Rules promulgated thereunder. Deschamps and Vleck filed Answers (#15 and 17) to the Complaint, asserting various affirmative defenses, including the defense of limitations, equitable estoppel, unclean hands, and laches. Plaintiffs subsequently filed their current Motion to Strike Affirmative Defenses (#26), seeking that the Court strike Defendants' asserted defenses based on the statute of limitations, equitable estoppel, unclean hands, and laches pursuant to Fed. R. Civ. P. 12(f).

**II. Rule 12(f) standard.**

Under Rule 12(f) a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses that are insufficient as a matter of law should be stricken. Donovan v. Schmoutey, 592 F. Supp. 1361, 1402 (D. Nev. 1984). However, "[f]ederal courts generally disfavor motions to strike." Germaine Music v. Universal Songs of Polygram, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003). "A court must view the pleading under attack in the light most favorable to the pleader" and should not weigh the sufficiency of evidence in evaluating a motion to strike. Cardinale v. La Petite Acad., Inc., 207 F. Supp. 2d 1158, 1162 (D. Nev. 2002). A motion to strike an affirmative defense should be denied if the affirmative defense is sufficient as a matter of law, or if it presents substantial questions of fact or law. See S.E.C. v. Gulf & W. Indus., Inc., 502 F. Supp. 343, 345 (D. D.C. 1980). The determination to strike an affirmative defense is within the Court's discretion. 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999); Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt., 921 F.2d 241, 244 (9th Cir. 1990).

**A. Statute of Limitations Defense**

As stated above, Plaintiffs aver that Defendants' statute of limitations defense is insufficient under Rule 12(f) because statutes of limitation generally do not apply to the Commission's claims or to the equitable remedies of injunction and disgorgement which it seeks. (#26 at 2.) Specifically, Plaintiff avers that the relevant penalty statutes have no limitations period of their own, and that 28 U.S.C. § 2462's five-year statute of limitations for penalties does not apply to claims for injunctive relief or disgorgement, and that the Commissions's claims for civil penalties are not barred because the limitation period in 28 U.S.C. § 2462 is subject to tolling where a continuing violation or ongoing conduct is involved.

Specifically, 28 U.S.C. § 2462 presents a general statute of repose that requires "an action . . . for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise" to be filed within five years of when the claim "first accrued." Relying upon this section, Defendants aver that

they cannot be penalized for conduct that occurred before September 24, 2003—five years before Plaintiff filed this action, and therefore, that the SEC's case is barred "in whole or in part[.]" (#33 at 3.)

The SEC disclaims Defendants' statute of limitations defense as insufficient under several theories. Specifically, Plaintiffs aver that the statute of limitations does not apply to the Commission's claims for injunction, disgorgement, or an officer or director bar, because such claims constitute equitable relief, and are not subject to Section 2462. Defendants, in opposition, aver *inter alia* that Section 2462's limitations period does apply to the SEC's claims for an injunction and for an officer and director bar, because said claims constitute a "penalty" or are punitive in nature.

The Court is persuaded by the reasoning set forth by the District Court of the Northern California in S.E.C. v. Berry, 580 F. Supp.2d 911 (N.D. Cal. 2008), finding that claims for permanent injunction, disgorgement, and an officer and director bar constitute equitable relief.[1] Although the Court finds S.E.C. v. Berry, persuasive, the conclusion that the SEC's claims for injunction, disgorgement and an officer and director bar constitute equitable relief is inconclusive as to Plaintiff's Motion to Strike here, because the SEC has also brought a claim for civil penalties. (Compl. P. 35 Section IV.) Plaintiff avers that its claim for civil penalties cannot be barred by the statute of limitations because its action was brought well within the five-year limitations period from accrual. Defendants, in opposition, aver that the SEC's claims for civil penalties arising from conduct that occurred before September 24, 2003, are barred under Section 2462.

The SEC, in opposition, argues that the statute of limitations starts to run "at the time the alleged offense is committed", which according to the SEC, was when Bally filed its first false and materially misleading statements in a filing with the Commission. Moreover, the SEC avers that

---

[1] The S.E.C. v. Berry decision notes that Ninth Circuit's holding in S.E.C. v. Rind, 991 F.2d 1486 (9th Cir. 1993), is devoid of any consideration of Section 2462, yet correctly acknowledges the policy considerations discussed in Rind, ultimately finding that the relief sought by the SEC was not punitive (except for the civil penalties sought).

3

1  Defendants' conduct constitutes a continuing violation, which subjects Section 2462's limitation
2  period to equitable tolling.  See Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981)(recognizing that
3  a continuing violation that effectively tolls the statute of limitations is "occasioned by continual
4  unlawful acts").

5        Here, the Court has reviewed Plaintiff's argument for equitable tolling and finds it to have
6  merit.  However, without weighing the evidence the Court cannot make a determination regarding
7  whether Defendants' alleged actions constitute continual unlawful acts such as to bar the limitations
8  defense.  Therefore, while the Court makes no finding regarding whether Defendants' statute of
9  limitations defense will survive a summary judgment motion, the Court concludes that striking the
10  defense at this point in the litigation would be premature.

11        **B. Equitable Estoppel**

12        Plaintiffs also aver that Defendants' equitable estoppel defense should be stricken.
13  Specifically, the SEC avers that equitable estoppel is not available as a defense against the United
14  States or its agencies "except in the most serious of circumstances."  (#37 at 6, quoting United States
15  v. RePass, 688 F.2d 154, 158 (2d Cir. 1982)).  Plaintiffs aver that the cases sited by Defendant Des
16  Champs are distinguishable from this case, and that Des Champs is not able to present facts similar
17  to the cases he cites.

18        The Nevada Supreme Court has identified four elements that must be met to establish a
19  defense of equitable estoppel.  Specifically, "(1) the party to be estopped must be apprised of the true
20  facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting
21  estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be
22  ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party
23  to be estopped."  In re Harrison Living Trust, 112 P.3d 1058, 1061–62 (Nev. 2005).  The Ninth
24  circuit has held that in addition to the four traditional elements of equitable estoppel, "a party seeking
25  to estop the government must establish two additional factors: (1) the government has engaged in
26  affirmative misconduct going beyond mere negligence and (2) the government's act will cause a

4

serious injustice and the imposition of estoppel will not unduly harm the public interest." U.S. v. Gamboa-Cardenas, 508 F.3d 491, 502 (9th Cir. 2007) (citations omitted).

Other circuits have found that equitable estoppel "is not available against the government except in the most serious of circumstances . . . and is applied with the utmost caution and restraint." Rojas-Reyes v. I.N.S., 235 F.3d 115 (2d Cir. 2000) (internal citations omitted). Additional case law establishes that the SEC cannot be subject to estoppel at all. "In the context of a civil enforcement action by the SEC, courts have flatly rejected the estoppel defense for the reason that the Commission may not waive the requirements of an act of Congress nor may the doctrine of estoppel be invoked against the Commission." SEC v. Keaing, 1992 WL 207918 *3 (citing SEC v. Culpepper, 270 F.2d 241, 248 (2d Cir.1959)). Moreover, in SEC v. Blavin, 557 F.Supp. 1304, 1310 (E.D.Mich.1983) (aff'd 760 F.2d 706 (6th Cir.1985)), the Sixth Circuit found that "the government cannot be estopped from bringing an action in the public interest simply because of alleged misconduct by one or more of its agents."

Here, Defendant Des Champs avers that Plaintiffs should be estopped from taking action against him due to "official statements the Commission made providing guidance regarding the appropriate accounting treatment of the type of transactions at issue in this case." (#31 at 6.) Des Champs avers that he "reasonably relied on these and possibly other statements by the Commission to his detriment." Id. While the court voices no opinion on whether the Defendants' equitable estoppel defense will survive a motion for summary judgment, it finds that striking the defense at this stage of the action, and based upon the pleadings before it, would be premature. The Court will not delve into an examination of the evidence before it at this time to determine whether Plaintiffs' alleged "official statements" and/or "guidance" may constitute " affirmative misconduct going beyond mere negligence " See U.S. v. Gamboa-Cardenas, 508 F.3d at 502. Accordingly, the Motion to Strike Defendants' equitable estoppel defense is denied.

### C. Laches and Unclean Hands

Neither Defendant opposes Plaintiff's Motion to Strike the defenses of laches and unclean hands. Specifically, Defendant Des Champs has agreed to withdraw his defenses of laches and unclean hands, and Defendant Vlcek failed to file any points and authorities in opposition to Plaintiff's Motion to Strike said defenses as required by local Rule 7-2(d). Local Rule 7-2(d) allows the Court to consider failure to file points and authorities in opposition as consent to the granting of the motion. For these reasons, the Court strikes Defendants' defenses for laches and unclean hands

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses (#26) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendants' affirmative defenses for laches and unclean hands are hereby **DISMISSED**.

DATED this 21st day of September 2009.

_____
Kent J. Dawson
United States District Judge